UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Timm Fabian,

Plaintiff,

vs. MINUTE ORDER

Pioneer Hi-Bred International, Inc.,

Defendant. Civ. No. 00-2617 (JRT/RLE)

* * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of April, 2001.

* * *

On April 10, 2001, the Court heard argument on the Defendant's Motion to Compel more complete discovery responses to certain of its Interrogatories, and Requests for Production of Documents. At the time of the Hearing, the Plaintiff appeared by Timothy A. Rundquist, Esq., and the Defendant appeared by Mark J. Carpenter, Esq. For reasons expressed during the course of the Hearing, and briefly summarized below, the Motion to Compel is granted in all respects except as to the time period from which discovery responses shall be due.[1]

---

[1]Given the generic nature of the Plaintiff's objections, and their meritless bases, we address the generic issues without detailing each Interrogatory, and Request for Production of Docu- (continued...)

FILED APR 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In large measure, the Plaintiff objected to the Defendant's discovery requests as either an invasion of the Plaintiff's proprietary interests, or as legally irrelevant given the Plaintiff's preferred -- but not irrevocably so -- measure of damages. On occasion, the Plaintiff represented that he would only be seeking a refund of the purchase price of the seeds, which were manufactured by the Defendant, and which the Plaintiff contends were defective, or of the wrong type. This limitation in damages, however, was qualified as a preferred measure of damages, and not an election of the remedy to be claimed at the time of Trial. During the course of the Hearing, however, the Plaintiff represented to the Court that he would not be seeking a "loss of yield" measure of damages, and would limit himself to a "refund of the purchase price" damage computation.

As urged by the Defendant, however, the discovery that the Defendant seeks is not made irrelevant by the Plaintiff's firm election on a measure of damages. The Defendant argues, and we

---

[1](...continued)
ments, whose objection is being specifically overruled. Rather, we have overruled each objection as untenable -- except for the noted limitation in the temporal scope of discovery -- and we commend to the Plaintiff a closer adherence to the Rules of Federal discovery. In making a claim in Federal Court, more is involved than a mere recitation of the claim, and an assurance that the recitation is true and accurate. While discovery can be frustratingly overburdensome, that is not a reason to allow the practical effect of no discovery whatsoever.

agree, that it has a right to determine how its seeds were employed by the Plaintiff, what additives were mixed, or were not mixed, to the soils at the planting site, and the capacity of that site, as revealed in past growing seasons, to produce a crop that, if proved, would not entitle the Plaintiff to relief against the Defendant. While the Plaintiff can be firmly of the view that he received the wrong product from the Defendant, whether that proves to be correct is not conclusively established by the Plaintiff's self-declaration that he believes his claim to be accurate.

Accordingly, the past yields on the plots of land upon which the Defendant's seeds were planted, any crop growing records or diaries relating to the crops in question, and the plots at issue, and any records that would document the insecticides, soil additives, and other growing incidentals, are discoverable by the Defendant. We limit this discovery, however, to the four years before the asserted crop failure, to date. Financial documents, reports to Federal or State regulators, income tax records, and applications and insurance proceeds, which relate to the claimed crop failure, or to the growing seasons in question, are also discoverable. While the Plaintiff would limit his discovery to those purchases of seeds which were the same, or identical, to those he purchased from the Defendant, and which are here in question, the Defendant notes that the instructions for growing the

seeds in question, which may not have been faithfully followed by the Plaintiff, are the same as those appended to other seed packages, that the Plaintiff may have previously purchased.

If, as the Plaintiff claims, he employs proprietary methods, or trade secrets, in his farming operations which require protection, then counsel for the parties should draft an appropriate Protective Order for the Court's review and execution. While we find the need for such protection to be somewhat quizzical, we do not preclude the use of protective means if an appropriate showing can be made by the Plaintiff, or if agreement can be secured from the Defendant. If the parties are unable to agree on the provisions of a Protective Order, they should promptly draw their disagreement to this Court's attention.

The Plaintiff's refusal to provide the Defendant with the requested Consent Forms is also without apparent support in law or in fact. Therefore, Consent Forms shall be executed for the Defendant's use promptly. Lastly, as we stated at the time of the Hearing, the Plaintiff voices complaints of undue burden arising from the Defendant's discovery requests, but he offers no showing that any appreciable burden would be sustained by proper discovery responses. If, following the parties "meet and confer" obligations, any issue of "undue burden or expense" remains, the parties should contact the Court forthwith.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Compel [Docket No. 13] is GRANTED in all respects except for a limitation on the years to which the requested discovery warrants responses.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE